IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL RENE PEREZ,

    Petitioner,                    No. CIV S-04-2138 LKK GGH P

    vs.

DERRAL G. ADAMS,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1993 conviction for three counts of Cal. Penal Code § 264.1 (rape), two counts of Cal. Penal Code § 220 (assault with intent to commit rape), one count of Cal. Penal Code § 288A(d) (oral copulation with force), one count of Cal. Penal Code §286(d) (sodomy), and one count of Cal. Penal Code § 459 (burglary).

        This action is proceeding on the amended petition filed November 17, 2004, on two grounds: confession obtained in violation of <u>Miranda</u> and conviction based on evidence seized in violation of the Fourth Amendment. On April 8, 2005, petitioner voluntarily dismissed an unexhausted ineffective assistance of counsel claim.

        Pending before the court is respondent's January 16, 2005, motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the

1

record, the court recommends that respondent's motion be granted.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

After the California Court of Appeal affirmed his conviction, petitioner did not file a petition for review.

Because petitioner's conviction became final before the enactment of AEDPA, petitioner had one year from April 24, 1996, i.e. until April 23, 1997, to file a timely federal habeas petition. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999). The instant petition filed October 12, 2004, is not timely.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The court now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

Petitioner filed his first state habeas petition on March 28, 1996, in the San Joaquin County Superior Court. See Documents Lodged January 26, 2005, no. 9. This petition

2

raised the claims raised in the instant petition as well as two additional claims 1) sentence violates the Eighth Amendment; 2) ineffective assistance of counsel. Id. On April 26, 1996, the Superior Court denied this petition. Id. The court rejected petitioner's Eighth Amendment and ineffective assistance of counsel claims on the merits. Id. The court rejected the other claims on grounds that they had been raised and rejected on appeal. Id.

Petitioner filed his next habeas petition in state court on May 1, 2003, with the California Court of Appeal, alleging ineffective assistance of counsel. Id., no. 10. On June 5, 2003, the California Court of Appeal denied this petition without comment or citation. Id., no. 11. On January 21, 2004, petitioner filed another habeas petition with the San Joaquin County Superior Court raising the same two claims as raised in the instant petition as well as several other claims. On February 19, 2004, the Superior Court denied all claims on the merits but for the claim alleging violation of petitioner's Fourth Amendment rights in the obtaining of physical samples. Id., no. 13. The Superior Court rejected this claim because it had already been raised and rejected on appeal. Id.

On April 21, 2004, petitioner filed another habeas corpus petition with the California Court of Appeal raising the same two claims as raised in the instant petition as well as other claims. Id., no. 14. On May 13, 2004, the California Court of Appeal denied the petition without comment or citation. Id., no. 15. On June 11, 2004, petitioner filed a petition for review with the California Supreme Court alleging violation of his Miranda rights. Id., no. 16. On January 26, 2005, the California Supreme Court denied the petition without comment or citation. Id., no. 17.

All of petitioner's state habeas petitions were "properly filed" within the meaning of § 2244(d)(2) because none were denied as untimely or for failing to comply with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8-9, 121 S. Ct. 361, 363-364 (2000); Pace v. Diguglielmo, ___ U.S. ___, ___, 125 S. Ct. 1807, 1814 (2005) (state petitions rejected as untimely are not properly filed).

The more difficult question is whether petitioner's state habeas petitions were "pending" within the meaning of § 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 219-26, 122 S. Ct. 2134, 2137-2141 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). A state petition is "pending" under § 2244(d)(2) if it is "a continuing 'application' for review and relief." Welch v. Carey, 350 F. 1079, 1082 (9th Cir. 2003) (en banc). A full round of state collateral review does not include a petitioner's "filing and abandoning one claim," then raising another unrelated claim in a new petition at a later date. Id. at 1083.

The Ninth Circuit has set forth a two-part test for statutory tolling under 28 U.S.C. § 2244(d)(2):

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled...We then ask whether they were ultimately denied on the merits or deemed untimely. In the former, the time gap between the petitions is tolled; the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

Gaston v. Palmer, 387 F.3d 1004 (9th Cir. 2003) is helpful in evaluating the instant action. In Gaston, the petitioner filed six state habeas petitions. Five of the six petitions contained overlapping claims. 387 F.3d at 1016-1017. The petitioner did not seek improper reversal by a lower court of a decision by a higher state court. Id. at 1017. Based on the circumstances of his case, the petitioner in Gaston filed his state habeas petitions in an orderly sequence. Id. at 1017-1018. In addition, none of the petitions were denied for lack of timeliness. Id. at 1018. The longest interval between applications was 468 days. Id. Based on these circumstances, the Ninth Circuit found that the Gaston petitioner was entitled to tolling for all five intervals. Id.

In the instant case, petitioner's first state habeas petition raised four claims, including the two on which this action is proceeding. *Seven* years later, petitioner filed a habeas corpus petition in the California Court of Appeal raising one claim, ineffective assistance of

4

counsel. After the denial of this petition, petitioner basically re-started the post-conviction process, filing petitions in the Superior Court, Court of Appeal and California Supreme Court. Because petitioner's second state habeas petition filed seven years after his first petition abandoned the claims raised in the instant action, the court finds that he is not entitled to interval tolling. Unlike the petitioner in Gaston, petitioner here did not pursue his claims in an orderly sequence and he waited seven years before re-starting the post-conviction process. Under these circumstances, the fact that no petitions were denied as untimely is not material to the court's tolling analysis. King, 340 F.3d at 823.

For the reasons discussed above, petitioner is entitled to tolling only during the time during which the first state habeas petition was pending. Petitioner is not entitled to tolling during the time the other state habeas petitions were pending or the intervals in between.

Petitioner's first state habeas petition was pending for 30 days. Adding 30 days to April 23, 1997, would make the instant petition due on May 23, 1997. The instant petition is still not timely.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds, Woodford v. Garceau, ___ U.S. ___, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling is appropriate. Id. at 1065.

In a declaration attached to the instant petition, petitioner suggests that he is entitled to equitable tolling. Petitioner states that he has no experience with the law, has had to

5

work with an outdated and inadequate law library and that he has been denied documents from the lower courts and counsel.  In his May 2, 2005, opposition, petitioner additionally claims that he was unable to file a timely federal petition because he fell into a major depression and suffered auditory hallucinations after his first state habeas petition was denied.  Petitioner contends that once he regained his mental health, he began seeking transcripts from the courts in 2000.

Petitioner's ignorance of the law is not grounds for equitable tolling.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing'" of a habeas petition).

Equitable tolling has been applied where the prison library was inadequate. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).  In the instant case, petitioner does not describe the inadequacies of the law library that prevented him from filing a timely petition.  Because this allegation is conclusory, it does not demonstrate grounds for equitable tolling.

Petitioner also claims that he was unable to file a timely federal petition because he was denied access to transcripts.  Petitioner's first state habeas petition filed in 1996 raised the claims raised in the instant petition.  Petitioner does not explain how his lack of transcripts prevented him filing a timely habeas petition containing these claims.  Accordingly, petitioner's lack of transcripts is not grounds for equitable tolling.

A "putative habeas petitioner's mental incompetency [is] a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control," so "mental incompetency justifies equitable tolling" of the AEDPA statute of limitations.  Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003).  As stated above, petitioner claims that immediately following the denial of his first state habeas petition, his mental health deteriorated to a point that he could not file any further habeas petitions.  Attached as exhibit D to petitioner's opposition is

a mental health placement form dated March 21, 1997. This form states that petitioner suffered from depression and auditory hallucinations.

According to petitioner, his mental health improved in 2000 when he began filing requests for transcripts. Therefore, assuming that petitioner is entitled to tolling for the approximately four years between the time the Superior Court denied his first habeas petition (April 1996) and when he began seeking transcripts, the instant petition is still not timely. Adding four years to May 23, 1997, would make petitioner's federal petition due in May 2001.

For the reasons discussed above, the court finds that petitioner is not entitled to equitable tolling sufficient to make a difference here. Because the instant petition is barred by the statute of limitations, respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 16, 2005, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/6/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
per2138.157

7